IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN SCOTT THOMAS** | : | **CIVIL ACTION** |
| **v.** | : | |
| **SAMUEL G. ENCARNACION** | : | **NO. 02-3151** |

**M E M O R A N D U M**

DUBOIS, J.                                            AUGUST     , 2002

      Plaintiff, a prisoner at Lancaster County Prison, has filed a pro se 42 U.S.C. § 1983 civil rights Complaint against his criminal defense attorney, Samuel G. Encarnacion, Esq. Plaintiff alleges that Mr. Encarnacion violated his civil rights by "explaining" his criminal case to other prisoners at Lancaster County Prison outside of his presence, and by providing ineffective assistance of counsel. Plaintiff seeks monetary and injunctive relief.

      With his Complaint, plaintiff filed a Motion to Proceed In Forma Pauperis, which is hereby granted. However, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e), for the reasons which follow.

**I. DISCUSSION**

      The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

In order to bring suit under § 1983, the plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights.  Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (listing elements of a § 1983 claim).  The Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding."  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).  This is the case regardless of whether the attorney is a public defender or privately retained.  Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).  Since plaintiff's defense attorney, Samuel G. Encarnacion, Esq., does not act under color of state law, he is not subject to liability in a § 1983 action.

## II. CONCLUSION

As plaintiff has advanced an "indisputably meritless legal theory," Neitzke, supra at 327, dismissal of this action pursuant to 28 U.S.C. § 1915(e) is appropriate.  An Order dismissing this Complaint as legally frivolous follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CHRISTIAN SCOTT THOMAS**          :          **CIVIL ACTION**
                                    :
    **v.**                              :
                                    :
**SAMUEL G. ENCARNACION**            :          NO. 02-3151

**O R D E R**

AND NOW, to wit, this          day of August, 2002, having considered plaintiff's Complaint and Motion to Proceed In Forma Pauperis, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis is GRANTED;

2.  Plaintiff's Complaint is DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915(e); and

3.  There is no probable cause for appeal.

                                        **BY THE COURT:**

                                        **JAN E. DUBOIS, J.**